UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ANDREW PEREZ,

              Plaintiff,

-against-

OXFORD UNIVERSITY, *et al.*,

              Defendants.

22-CV-7830 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Eric Andrew Perez brings this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Additionally, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

---

[1] A review of the Public Access to Court Electronic Records (PACER) system reveals that on May 31, 2021, Plaintiff filed an action in this court against the same Defendants, alleging the same claims. *See Perez v. Oxford Univ.*, 1:21-CV-4844, 2 (S.D.N.Y. May 31, 2021). By order dated May 10, 2022, the Honorable Valerie E. Caproni adopted the report and recommendation of Magistrate Judge Lehrburger and dismissed Plaintiff's action without prejudice to his refiling it in the District of Columbia. *See Id.* at ECF No. 89. A review of PACER also reveals that Plaintiff refiled his action in the District of Columbia on May 25, 2022, and he paid the $402.00 filing fees to file that action. *See Perez v. Oxford Univ.*, 22-CV-1560 (TNM) (D.C.).

Plaintiff submitted an IFP application without a signature and his answers to the questions on the IFP application appear to indicate that he has sufficient assets to pay the filing fees. In question 3, Plaintiff checks the boxes indicating that he receives public benefits, and in the area designated for Plaintiff to indicate the source of those funds and the amount that he receives, Plaintiff writes, "FIXED INCOME SOCIAL SECURITY & VA DISABILITY PAYMENTS." (ECF No. 1 at 2.) Plaintiff does not provide the amount that he receives monthly, and in question 4, he indicates that he has "15K" in a checking or savings account. (*Id.*)

It therefore appears that Plaintiff has sufficient funds to pay the filing fees for this action, but because Plaintiff's IFP application is unsigned, the Court is unable to make a ruling on Plaintiff's request to proceed IFP. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 22-CV-7830 (LTS). If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 16, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge