UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ANDREW PEREZ,

                  Plaintiff,

       -against-

OXFORD UNIVERSITY, *et al.*,

                  Defendants.

22-CV-7830 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Eric Andrew Perez, who is appearing *pro se*, filed this action under the False Claims Act. He sues: (1) Oxford University; (2) Astra Zeneca AB; (3) Astra Zeneca LP; (4) Astra Zeneca UK Limited; (5) Dr. Melanie Jay; (6) Dr. Mark J. Mulligan; (7) Dr. Martina A. Parauda; (8) Michael J. Missal; and (9) Damian Williams, United States Attorney for the Southern District of New York.[1]

    Plaintiff filed his complaint with an unsigned request to proceed *in forma pauperis* ("IFP") and his answers to the questions on the IFP application seemed to indicate that he had sufficient assets to pay the filing fees. By order dated September 16, 2022, the Court directed Plaintiff to either pay the $402.00 in fees or complete, sign, and submit the attached amended IFP application. (ECF No. 6.) Plaintiff filed an amended IFP application on September 21, 2022. (ECF No. 7.) Because Plaintiff's amended IFP application confirmed that he had sufficient assets to pay the filing fees, by order dated September 22, 2022, the Court denied Plaintiff's request to proceed IFP, (ECF No. 9), and Plaintiff paid the filing fees on October 5, 2022.

---

[1] Plaintiff misidentified Defendant Williams as the Attorney General.

For the reasons set forth below, the Court dismisses this action and denies as moot Plaintiff's request to add a Defendant to this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). Leave to amend need not be granted, however, if amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . . " *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing

*Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that he has "proven that the Court and DOJ refused to investigate a 1-billion-dollar fraud being committed against the American People through study and funding of Astra Zeneca." (ECF No. 2 at 21.) He seeks declaratory relief and monetary damages.

## DISCUSSION

**A.    False Claims Act**

Plaintiff asserts claims under the False Claims Act ("FCA"), which imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

3

In *qui tam* actions under the FCA, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery." *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citing *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000)). The United States "remains the real party in interest." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). Although a *qui tam* action is litigated by the relator, it "is not the relator's 'own' case as required by 28 U.S.C. § 1654, nor one in which he has 'an interest personal to him.'" *Id.* (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

In order to proceed *pro se*, "[a] person must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558; *see* § 1654. Because a litigant can proceed *pro se* only when bringing his own case, and because a *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest, a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed pro se." (citing § 1654 and *Iannaccone*, 142 F.3d at 558)). Accordingly, because Plaintiff cannot proceed *pro se* with his claims under the FCA, the Court dismisses these claims without prejudice to Plaintiff's bringing these claims again in a separate civil action in which he is represented by an attorney.[2]

---

[2] A review of the Public Access to Court Electronic Records (PACER) system reveals that on May 31, 2021, Plaintiff filed an action in this court against the same Defendants, alleging that he was part of an AstraZeneca COVID-19 vaccine study at the Manhattan Veterans Affairs Harbor Healthcare System (Harbour Healthcare) in December 2020, and that he developed serious blood clotting issues. *See Perez v. Oxford Univ.*, 1:21-CV-4844, 2 (S.D.N.Y. May 31, 2021). By order dated May 10, 2022, the Honorable Valerie E. Caproni adopted the report and recommendation of Magistrate Judge Lehrburger and dismissed Plaintiff's action without prejudice to his refiling it in the District of Columbia. *See Id.* at ECF No. 89. A review of PACER also reveals that Plaintiff refiled his action in the District of Columbia on May 25, 2022. *See*

**B.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill*, 657 F.3d at 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment – namely, because Plaintiff cannot bring this *qui tam* action *pro se* – the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action because Plaintiff cannot bring claims on behalf of the United States *pro se*. *See* 28 U.S.C. § 1654.

Plaintiff's motions for permission to: (1) add a defendant (ECF No. 8), and (2) serve complaint electronically (ECF No. 10); and Plaintiff's motion for a CM/ECF username and password (ECF No. 11) are denied. All other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

*Perez v. Oxford Univ.*, 22-CV-1560 (TNM) (D.C. Sept. 23, 2022). By order dated September 23, 2022, the Honorable Trevor N. McFadden granted the University's and the AstraZeneca entities' motions as conceded because Plaintiff failed to respond to them and directed the Clerk of Court to close the case. *See Id.* at ECF No. 30.

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: October 24, 2022
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge